07 CIV 8383

JUDGE PRESK[A]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 07-CV-(_____) |
| Plaintiff, | |
| v. | COMPLAINT |
| BLOOMBERG L.P., | JURY TRIAL DEMANDED |
| Defendant. | |

SEP 27 2007

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex/pregnancy and to provide appropriate relief to a class of female employees affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission ("EEOC") charges that Bloomberg L.P. ("Bloomberg"), a news and financial services company, has engaged in a pattern or practice of unlawful discrimination against non-clerical female employees (collectively, "the Claimants") based on their sex and pregnancy by decreasing their pay, demoting them, diminishing their job duties and excluding them from other employment opportunities, when they became pregnant and when they returned from maternity leave, all in continuing violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Bloomberg L.P. is and has been a private company doing business, among other places, in the State of New York, City of New York, County of New York, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Bloomberg L.P. has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Charging Parties Jill Patricot, Tanys Lancaster, and Janet Loures filed charges with the Commission alleging violations of Title VII by Defendant Bloomberg L.P. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  During the time period from approximately February 2002 through the present, Defendant has engaged in a pattern or practice of unlawful employment practices in violation of Section 703, 704, 706 and 707 of Title VII, 42 U.S.C. § 2000e-2, -3, -5 and -6. These practices have included, but are not limited to, the following:

a. Defendant has discriminated against the Claimants based on sex/pregnancy by awarding them less total intended compensation than the actual value of their prior year's compensation, once they announced their pregnancy and once they returned to work after taking maternity leave;

b. Defendant has discriminated against the Claimants based on sex/pregnancy by demoting them in title and/or in terms of the number of employees directly reporting to them, by diminishing their responsibilities, and by replacing them with male employees junior to the Claimants, once they announced their pregnancy and once they returned to work after taking maternity leave;

c. Defendant has discriminated against the Claimants based on sex/pregnancy in other terms, conditions, or privileges of employment, including, but not limited to, by excluding them from management meetings and otherwise isolating them, once they announced their pregnancy and once they returned to work after taking maternity leave;

d. Defendant has subjected the Claimants to stereotypes regarding female caregivers when they returned from maternity leave, including, but not limited to, by making comments such as "You are not committed" and "You do not want to be here" without business justification;

e. When Claimants complained to Bloomberg's Human Resources department about discrimination based on sex/pregnancy, their complaints were dismissed.

8. The effect of the practices complained of above has been to deprive Patricot, Lancaster, Loures and other similarly-situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex/pregnancy.

9. The unlawful employment practices complained of above were intentional.

10. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Claimants.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex/pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make the Claimants whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay and reinstatement to appropriate positions.

D. Order Defendant to make the Claimants whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices, in amounts to be determined at trial.

E. Order Defendant to make the Claimants whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices, including pain, suffering and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay the Claimants punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York

      September 27, 2007

                        EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

1801 L Street, N.W.
Washington, D.C. 20507

_____
Elizabeth Grossman (EG 2478)
Regional Attorney
Elizabeth.grossman@eeoc.gov

_____
Robert D. Rose
Supervisory Trial Attorney
Robert.rose@eeoc.gov

_____
Raechel L. Adams
Senior Trial Attorney

New York District Office
33 Whitehall Street, 5th Floor
New York, N.Y. 10004
(212) 336-3707
raechel.adams@eeoc.gov