DEALY & SILBERSTEIN, LLP
William J. Dealy (WD 9776)
Milo Silberstein (MS 4637)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs-Intervenors Jill Patricot*
*Tanys Lancaster and Janet Loures*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                  Plaintiff,

      -against-

BLOOMBERG L.P.,

                                 Defendant.
-------------------------------------------------------------X

Case No: 07 CV 8383 (LAP)(HP)
<u>ECF ACTION</u>

MEMORANDUM OF LAW OF PLAINTIFFS-INTERVENORS
<u>IN SUPPORT OF THEIR MOTION TO INTERVENE</u>

## PRELIMINARY STATEMENT

Plaintiffs-Intervenors Jill Patricot, Tanys Lancaster and Janet Loures, by their attorneys, Dealy & Silberstein, LLP, submit this Memorandum of Law in support of their motion pursuant to Rule 24(a) of the Federal Rules of Civil Procedure (Fed R. Civ. P.), to intervene in the above-captioned action (a copy of the proposed Complaint in Intervention is annexed to the Notice of Motion as Exhibit A).

## FACTS

The instant action was commenced on September 27, 2007 by the United States Equal Employment Opportunity Commission ("EEOC"), seeking relief under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991, on behalf of Plaintiffs-Intervenors Jill Patricot, Tanys Lancaster and Janet Loures to remedy discriminatory practices in employment by Defendant Bloomberg, L.P. ("Bloomberg"). By this motion, Plaintiffs-Intervenors Jill Patricot, Tanys Lancaster and Janet Loures seek permission of the Court to intervene in the instant action brought by the EEOC on their behalf.

## ARGUMENT

### PLAINTIFFS-INTERVENORS ARE ENTITLED TO INTERVENE IN THE INSTANT ACTION AS OF RIGHT

**A.  Plaintiffs-Intervenors Are Entitled to Intervene As of Right To Assert Their Claims Arising Under Title VII**

Plaintiffs-Intervenors have the unconditional right to intervene in the instant action pursuant to Rule 24(a)(1), which provides, in pertinent part:

> "Upon timely application anyone shall be permitted to intervene in an action...when a Statute of the United States confers an unconditional right to intervene..."

Fed. R. Civ. P. 24(a)(1).

Rule 24(a)(1) requires that motions to intervene as of right be timely made. The instant action was filed on September 27, 2007, less than one (1) week ago. Accordingly, Plaintiffs-Intervenors have timely brought the instant motion. *See e.g., EEOC v. General Motors Corporation,* No. 87-2271-S, 1987 WL 47306 (D. Kan. Oct. 16, 1987) (holding that motion to intervene filed less than two months after EEOC's initiation of litigation is timely); *EEOC v. Taylor Electric Co.,* 155 F.R.D. 180, 182 (N.D.Ill. 1994) (holding that intervention as of right is unconditional where motion to intervene is timely when filed approximately four months after commencement of EEOC action and original parties have not filed any motions or conducted any discovery).

The second requirement imposed by Rule 24(a)(1) governing intervention as of right is that a federal statute confer an unconditional right to intervene. It is clear that this case involves a situation where intervention as of right should be granted, most directly because Section 706(f) of Title VII gives individuals the right to intervene in actions by the EEOC on their behalf. More specifically, section 706(f) provides, *inter alia*, that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the commission..." 42 U.S.C. § 2000e-5(f)(1). The movants in this case are the "persons aggrieved," since they filed the three (3) charges of discrimination upon which this lawsuit is based. *Spirit v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 640 (S.D.N.Y. 1982) (holding that a "person aggrieved" under section 706(f) means a person who filed a charge, or whose claim is close enough to the charge filed to permit that person to file suit under Title VII), *aff'd in part and rev'd in part on other grounds*, 691 F.2d

3

1054 (2d Cir. 1982).

Accordingly, Plaintiffs-Intervenors are entitled to intervene in this action because Title VII grants them the unconditional right to intervene in an action initiated by the EEOC on their behalf.

### B. The Court Has Subject Matter Jurisdiction Over Plaintiffs-Intervenors' Supplemental Claims Arising Under The Laws Of New York State and New York City

The proposed Complaint in Intervention sets forth claims arising under both the New York State Human Rights Law and the New York City Human Rights Law (Proposed Compl. Interven., Third, Fourth, Fifth, Sixth, Ninth, Tenth, Eleventh, Twelfth, Fifteen, Sixteen, Seventeenth, and Eighteenth Causes of Action). As alleged in the Proposed Complaint in Intervention (¶ 29), this Court may properly consider these claims together with the federal claims asserted based on the Court's supplemental jurisdiction over such claims.

In this regard, 28 U.S.C. § 1367(a) provides, in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

*Id.* (emphasis added). It cannot be disputed that the Plaintiffs-Intervenors' New York State and New York City discrimination claims form part of the same "case or controversy" as each of their federal discrimination claims asserted in the Proposed Complaint in Intervention. *See Keiko Westphal v. Catch Ball Prod. Corp.*, 953 F. Supp. 475, 479 (S.D.N.Y. 1997). Plaintiffs-Intervenors' State and City claims are based on the same facts and allege the same type of

discrimination as their federal discrimination claims. Consequently, supplemental jurisdiction is properly invoked with respect to the Plaintiffs-Intervenors' State and City claims.

## CONCLUSION

For the foregoing reasons, the Plaintiffs-Intervenors respectfully request that their motion to intervene as Plaintiffs-Intervenors be granted in its entirety, along with such other and further relief which the Court deems just and proper.

Dated: New York, New York
      October 2, 2007

Respectfully submitted,

DEALY & SILBERSTEIN, LLP

By: /s/ *Milo Silberstein*
Milo Silberstein (MS 4637)
William J. Dealy (WD 9776)
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066
*Attorneys for Plaintiffs-Intervenors Jill Patricot, Tanys Lancaster and Janet Loures*