THE ROTH LAW FIRM, PLLC
Richard A. Roth (RAR 5538)
545 Fifth Avenue, Suite 960
New York, New York 10017
(212)542-8882
*Attorneys for Plaintiff-Intervenor Monica Prestia*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                        Case No.: 07 CV 8383(LAP)(HP)
                        <u>ECF ACTION</u>

                Plaintiff,

   -against-

BLOOMBERG L.P.,

                Defendant.
-------------------------------------------------------------X

<u>MEMORANDUM OF LAW OF PLAINTIFF-INTERVENOR MONICA PRESTIA
IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE</u>

## **PRELIMINARY STATEMENT**

Plaintiff-Intervenor Monica Prestia, by her attorneys, The Roth Law Firm, PLLC, submits this Memorandum of Law in support of her motion pursuant to Rule 24(a) of the Federal Rules of Civil Procedure (Fed R. Civ. P.), to intervene in the above-captioned action (a copy of the proposed Complaint in Intervention is annexed to the Notice of Motion as Exhibit A).

## **FACTS**

On June 25, 2007, Plaintiff-Intervenor Monica Prestia commenced an action against Bloomberg in this Court. On August 10, 2007, Bloomberg filed its Answer. On September 27, 2007, the United States Equal Employment Opportunity Commission ("EEOC") filed a Complaint in this Court against Bloomberg alleging, among other things, that Bloomberg engaged in unlawful employment practices against the Plaintiff-Intervenors Jill Patricot, Tanys Lancaster and Janet Loures and a class of similarly situated women at Bloomberg. The EEOC considers Plaintiff-Intervenor Monica Prestia to be a member of the class of similarly situated women who endured during the same time period Bloomberg's unlawful employment patterns and practices.

On October 23, 2007, this Court granted the Motion to Intervene of Jill Patricot, Tanys Lancaster and Janet Loures, allowing each to intervene as a Plaintiff-Intervenor in the case brought by the EEOC against Bloomberg. Bloomberg does not oppose Monica Prestia's intervention as a Plaintiff-Intervenor in the case brought by the EEOC against Bloomberg. The intervention of Monica Prestia in the EEOC case will not cause a delay in the EEOC case because Monica Prestia's initial Complaint, which Bloomberg has already answered, is substantively identical to the instant Complaint with the exception of

2

paragraphs 27 through 27g, entitled "Updated Procedural History." Upon this Court's grant of Monica Prestia's Motion to Intervene, Plaintiff-Intervenor Monica Prestia will dismiss with prejudice her initial Complaint. As such, by the present motion, Plaintiff-Intervenor, Monica Prestia, seeks permission of the Court to intervene in the instant action brought by the EEOC.

## ARGUMENT

## PLAINTIFF-INTERVENOR IS ENTITLED TO INTERVENE IN THE INSTANT ACTION AS OF RIGHT

### A. Plaintiff-Intervenor Is Entitled To Intervene As Of Right To Assert Her Claim Arising Under Title VII

Plaintiff-Intervenor has the unconditional right to intervene in the instant action pursuant to Rule 24(a)(1), which provides, in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action...when a Statute of the United States confers and unconditional right to intervene..."

Fed. R. Civ. P. 24(a)(1).

Rule 24(a)(1) requires that motions to intervene as of right be timely made. The instant action was filed on September 27, 2007, approximately one month ago. Accordingly, Plaintiff-Intervenor has timely brought the instant motion. *See e.g., EEOC v. General Motors Corp.*, No. 87-2271-S, 1987 WL 47306 (D. Kan. Oct. 16, 1987)(holding that motion to intervene filed less than two months after EEOC's initiation of litigation is timely).

The second requirement imposed by Rule 24(a)(1) governing intervention as of right is that a federal statute confer an unconditional right to intervene. It is clear that this case involves a situation where intervention as of right should be granted, most directly

3

because Section 706(f) of Title VII gives individuals the right to intervene in actions by the EEOC on their behalf. More specifically, section 706(f) provides, inter alia, that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the commission..." 42 U.S.C. § 2000e-5(f)(1). The movant in this case is the "person aggrieved," since she filed a charge of discrimination against Bloomberg. *Spirit v. Teachers Ins. and Annuity Ass'n*, 93 F.R.D. 627, 640 (S.D.N.Y. 1982)(holding that "person aggrieved" under section 706(f) means a person who filed a charge, or whose claim is close enough to the charge filed to permit that person to file suit under Title VII), *aff'd in part and rev'd in part on other grounds*, 691 F.2d 1054 (2d Cir. 1982).

Accordingly, Plaintiff-Intervenor is entitled to intervene in this action because Title VII grants her the unconditional right to intervene in an action initiated by the EEOC.

### B. The Court Has Subject Matter Jurisdiction Over the Plaintiff-Intervenor's Supplemental Claims Arising Under the Laws of New York State and New York City

The proposed Complaint in Intervention sets forth claims arising under both the laws of New York State and New York City. As alleged in the Proposed Complaint in Intervention, this Court may properly consider these claims together with the federal claims asserted based on the Court's supplemental jurisdiction over such claims.

In this regard, 28 U.S.C. § 1367(a) provides in pertinent part:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.*

*Id*(emphasis added). It cannot be disputed that Plaintiff-Intervenor's New York State and New York City discrimination claims form part of the same "case or controversy" as each of their federal discrimination claims asserted in the Proposed Complaint in Intervention. *See Keiko Westphal v. Catch Ball Prod. Corp.*, 953 F. Supp. 475, 479 (S.D.N.Y. 1997). Plaintiff-Intervenor's State and City claims are based on the same facts and allege the same type of discrimination as their federal discrimination claims. Consequently, supplemental jurisdiction is properly invoked with respect to the Plaintiff-Intervenor's State and City claims.

## CONCLUSION

For the forgoing reasons, the Plaintiff-Intervenor respectfully requsts that their motion to intervene as Plaintiff-Intervenor be granted in its entirety, along with such other and further relief which the Court deems just and proper.

Dated: New York, New York
       November 7, 2007

                                Respectfully Submitted,

                                THE ROTH LAW FIRM, PLLC

                                By:_____
                                   Richard A. Roth (RAR 5538)
                                545 Fifth Avenue, Suite 960
                                New York, New York 10017
                                (212)542-8882
                                *Attorneys for Plaintiff-Intervenor*
                                *Monica Prestia*