USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/08

PRESKA, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                    Plaintiff,

              -against-

BLOOMBERG L.P.,

                  Defendant.
------------------------------------------------------------------x    07-CV-8383 (LAP)(HP)
JILL PATRICOT, TANYS LANCASTER,
JANET LOURES, and MONICA PRESTIA,

                Plaintiff-Intervenors,

              -against-

BLOOMBERG L.P.,

                  Defendant.
------------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND ORDER

        The parties stipulate to entry of the following Protective Order pursuant to Fed. R. Civ. P. Rule 26 (c):

### Categories of Protected Information

        1.    The following categories of information, if produced by a party in discovery, will be designated and treated as "Confidential" in this litigation:

                a.    social security numbers, financial account numbers, credit card numbers, mother's maiden name, passwords, driver's license numbers or state identification numbers, dates of birth;

                b.    home address and telephone number;

                c.    names of minor children;

                d.    medical, health care, and mental health records and information;

4116197.1

     e.     personally-identifiable information regarding compensation and job performance, including, but not limited to, performance appraisals, evaluations and compensation history; and

     f.     trade-secret, proprietary or confidential business information that the producing party believes in good faith should be treated as confidential.

2. A party producing documents in discovery or otherwise providing discovery that contains information described in paragraph 1 above that the party believes, in good faith, should be treated as confidential in this litigation, may designate information contained within the discovery as "Confidential" as follows:

     a.     a party producing documents or other tangible items in discovery that contain confidential information described in paragraph 1 may designate such information as confidential by placing a legend stating "Confidential" on the document;

     b.     a party wishing to designate a portion of any deposition testimony, including the transcript or recording of such testimony, as "Confidential" may do so by so stating on the record or by sending a letter to counsel of record within ten days after the transcript is delivered to the party. The party must simultaneously specify what information is deemed "Confidential" and set forth one or more of the bases enumerated in paragraph 1 for the "Confidential" designation;

     c.     only the specific information identified as "Confidential" will be deemed confidential.

3. Information that has been designated as "Confidential" under paragraph 1 must be treated as confidential by the parties and used only for the purposes of this litigation.

4. Information designated as "Confidential" under paragraph 1 may only be disclosed by the parties receiving such information to:

     a.     attorneys for the parties and those attorneys' legal, paralegal, secretarial, intern and clerical staff;

     b.     the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation;

     c.     claimants and potential class members who have a need to know the information for purposes of this litigation;

     d.     expert (testifying and consulting) witnesses who have a need to know the information for purposes of this litigation;

     e.     the Court (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary).

- 2 -

4116197.1

5.      All persons to whom confidential material is disclosed pursuant to this Order will be bound by this Order. It will be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

## Dispute of Confidential Designation

6.      At any time, the party receiving any information designated "Confidential" pursuant to paragraphs 1 and 2 above may, acting in good faith, notify the other party in writing that it disputes the designation of information or of a document as "Confidential." The parties will make good-faith efforts to resolve any such dispute. The information or document will retain its status as "Confidential" for ten business days after receipt of the written notice of dispute, to permit the party seeking confidential status to bring a Motion for Protective Order or other appropriate Motion. On any such Motion, the party seeking that any document be designated "Confidential" will have the burden of establishing the confidentiality of such document(s) under applicable law.

## Miscellaneous Provisions

7.      Any party seeking to file with the Court information marked "Confidential" shall take all appropriate steps to cause such information to be filed under seal or otherwise not be made part of the public record. All other documents produced in this action shall be filed pursuant to and consistent with all of the Federal Rules of Civil Procedure, including Rule 5.2, the Court's local rules and the individual rules of the judge in this action.

8.      Nothing in this Order is a waiver of any other discovery or evidentiary objection.

9.      A party who has designated information as "Confidential" pursuant to this Order may not use that designation as a ground or reason for refusing to produce any information or documents in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information or documents are sought pursuant to a discovery request, subpoena, request for information or otherwise.

10.     EEOC may use any information designated "Confidential" in furtherance of its enforcement activities in any other matter in which the party designating such information as "Confidential" has been named as a party, but must treat such information as confidential pursuant to the terms of this Order until such time as the "Confidential" designation expires (see Paragraph 13 below) or is withdrawn either by agreement of the parties or by court order.

11.     The parties agree to be bound by the terms of this Order upon their execution thereof and prior to the endorsement by the Court in this action.

12.     This stipulation is subject to modification only upon written agreement of all parties to this lawsuit or upon order of the Court. Any party may seek an order to modify or vacate this Order at any time.

- 3 -

4116197.1

13.     Within sixty (60) days after termination of this litigation, including the expiration of all appeal rights, all originals and copies of the parties' information designated "Confidential" must be destroyed by the party that received it and the destroying party must certify that fact to counsel for the party that produced the information if the producing party requests such certification.

STIPULATED TO:

WILLKIE FARR & GALLAGHER LLP

By:

Thomas H. Golden (TG-1467)
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
tgolden@willkie.com

Attorneys for Defendant Bloomberg L.P.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By:

Raechel L. Adams (RA-____)
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3702
raechel.adams@eeoc.gov

Attorney for Plaintiff Equal Employment Opportunity Commission

DEALY & SILBERSTEIN, LLP

By:
William J. Dealy (WD-9776)
Milo Silberstein (MS-4637)
225 Broadway, Suite 1405

- 4 -

13.     Within sixty (60) days after termination of this litigation, including the expiration of all appeal rights, all originals and copies of the parties' information designated "Confidential" must be destroyed by the party that received it and the destroying party must certify that fact to counsel for the party that produced the information if the producing party requests such certification.

STIPULATED TO:

WILLKIE FARR & GALLAGHER LLP


By:_____


Thomas H. Golden (TG-1467)
787 Seventh Avenue
New York, New York  10019
(212) 728-8000
tgolden@willkie.com

Attorneys for Defendant Bloomberg L.P.


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _Raechel Adams/MAC_

Raechel L. Adams (RA-_0460_)
33 Whitehall Street, 5th Floor
New York, New York 10004
(212) 336-3702
raechel.adams@eeoc.gov


Attorney for Plaintiff Equal Employment Opportunity Commission



DEALY & SILBERSTEIN, LLP

By:_____
William J. Dealy (WD-9776)
Milo Silberstein (MS-4637)
225 Broadway, Suite 1405

Error! Unknown switch argument.

New York, New York 10007
(212) 385-0066
wjd@dealysilberstein.com
msilberstein@dealysilberstein.com

Attorneys for Plaintiff-Intervenors Jill Patricot, Tanys Lancaster, and Janet Loures

THE ROTH LAW FIRM, PLLC

By: _____
Richard A. Roth (RAR-5538)
Betsy Silverstine (BS-_____)
545 Fifth Avenue, Suite 960
New York, New York 10017
(212) 542-8882
rich@rrothlaw.com
betsy@rrothlaw.com

Attorneys for Plaintiff-Intervenor Monica Prestia


Dated:

SO ORDERED:

Loretta A. Preska, U.S.D.J.

February 13, 2008.