UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
EQUAL EMPLOYMENT OPPORTUNITY                                       :     ELECTRONICALLY FILED
COMMISSION,                                                        :
                                                                  :     Case No.: 07 Cv. 8383 (LAP)
                              Plaintiff,                           :     (HP) ECF ACTION
                                                                  :
              -against-                                            :     ANSWER TO COMPLAINT OF
                                                                  :     PLAINTIFF-INTERVENOR
BLOOMBERG L.P.,                                                    :     MONICA PRESTIA
                                                                  :
                              Defendant.                           :
                                                                  :
------------------------------------------------------------------x
                                                                  :
JILL PATRICOT, TANYS LANCASTER,                                   :
MONICA PRESTIA and JANET LOURES,                                  :
                                                                  :
                      Plaintiffs- Intervenors,                    :
                                                                  :
              -against-                                            :
                                                                  :
BLOOMBERG L.P.,                                                   :
                                                                  :
                              Defendant.                           :
                                                                  :
------------------------------------------------------------------x

          Defendant Bloomberg L.P. ("Bloomberg"), by and through its undersigned

counsel, Willkie Farr & Gallagher LLP, hereby answers Plaintiff-Intervenor's Complaint (the

"Complaint") as follows:

## AS TO ALLEGATIONS CONCERNING "PARTIES"

          1.      Bloomberg admits that Plaintiff-Intervenor was an employee of

Bloomberg, and states further that Bloomberg did not terminate Plaintiff-Intervenor's

employment.  Bloomberg denies that Plaintiff-Intervenor held the position of Account

Executive.  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1 of the Complaint.

2.      Bloomberg admits the allegations contained in paragraph 2 of the Complaint.

3.      Bloomberg admits that, since January 1, 2004, it has employed at least 50 persons in Manhattan and that its principal place of business is located at 731 Lexington Avenue, New York, New York 10022.  Bloomberg denies the remainder of the allegations contained in paragraph 3 of the Complaint.

## AS TO ALLEGATIONS CONCERNING "JURISDICTION"

4.      Bloomberg respectfully states that paragraph 4 of the Complaint states a legal conclusion as to which no response is necessary.  Notwithstanding that, Bloomberg admits that Plaintiff-Intervenor purports to allege causes of action under the federal statutes cited, and that therefore the Court has jurisdiction under 28 U.S.C. § 1331 and may, at its discretion, exercise jurisdiction over Plaintiff-Intervenors' state law claims under 28 U.S.C. § 1367.

## AS TO ALLEGATIONS CONCERNING "VENUE"

5.      Bloomberg respectfully states that paragraph 5 of the Complaint states a legal conclusion as to which no response is necessary.  Notwithstanding that, Bloomberg admits that it resides and regularly conducts business within this judicial district and that for that reason venue is proper in this District, but denies that it has committed any acts of employment discrimination, violations of the Family Medical Leave Act ("FMLA"), or other unlawful acts, whether in this District or elsewhere.

## AS TO ALLEGATIONS CONCERNING "BACKGROUND"

6.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Bloomberg admits that Plaintiff-Intervenor began working for Bloomberg in December 1997.  Bloomberg denies the remainder of the allegations contained in paragraph 7 of the Complaint.

8.    Bloomberg admits that Plaintiff-Intervenor began working on the advertising sales team for Wealth Manager magazine in 2001.  Bloomberg further admits that Plaintiff-Intervenor was granted certificates in the years 1997 through 2005.  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 concerning the sale of a $1 million advertising package for Bloomberg Radio, or Plaintiff-Intervenor's purported receipt of awards for her work at Bloomberg.  Bloomberg denies the remainder of the allegations contained in paragraph 8 of the Complaint.

9.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10.    Bloomberg admits that in or about February 2005, Plaintiff-Intervenor's immediate supervisor, Frank Vulpi ("Vulpi") began reporting to Carole Kaschak ("Kaschak").  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 10 of the Complaint.

11.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff-Intervenor enjoyed a problem free

pregnancy for the first 2 trimesters. Bloomberg denies the remainder of allegations contained in paragraph 11 of the Complaint.

12.    Bloomberg admits that in or about August 2005, Bloomberg received a request from Plaintiff-Intervenor's physician asking that Plaintiff-Intervenor's work hours be shortened and that representatives of Bloomberg's Human Resources department approved that request. Bloomberg denies that its Human Resources Department allowed Plaintiff-Intervenor to change her daily schedule from 8 a.m. - 6 p.m. to 9 a.m. - 5 p.m. Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 12 of the Complaint.

## AS TO ALLEGATIONS CONCERNING "PREGNANCY DISCRIMINATION"

13.    Bloomberg admits that in or about August 2005, Plaintiff-Intervenor's pregnancy was physically apparent. Bloomberg admits that Vulpi told Plaintiff-Intervenor that Kaschak inquired as to why Plaintiff-Intervenor was arriving at work later than 8 a.m. Bloomberg admits that Kaschak discussed with Plaintiff-Intervenor her failure properly to record information relating to sales calls in the computer system that Bloomberg used for tracking such information. Bloomberg denies the remainder of allegations contained in paragraph 13 of the Complaint.

14.    Bloomberg admits that Plaintiff-Intervenor began her maternity leave on or about September 1, 2005. Bloomberg states that it is without knowledge or information sufficient to form a belief as to why Plaintiff-Intervenor commenced her maternity leave earlier than expected. Bloomberg denies the remainder of allegations contained in paragraph 14 of the Complaint.

15.    Bloomberg admits that Plaintiff-Intervenor worked from home at times during her maternity leave.  Bloomberg denies the remainder of allegations contained in paragraph 15 of the Complaint.

## AS TO ALLEGATIONS CONCERNING "HOSTILE WORK ENVIRONMENT"

16.    Bloomberg admits that Plaintiff-Intervenor returned to work at Bloomberg on or about February 21, 2006.  Bloomberg denies the remainder of allegations contained in paragraph 16 of the Complaint.

17.    Bloomberg admits that on or about March 13, 2006, Kaschak asked Plaintiff-Intervenor to meet with her to discuss Plaintiff-Intervenor's performance and that Vulpi was not invited to attend this meeting.  Bloomberg admits that, prior to March 13, 2006, Vulpi attended a meeting between Kaschak and another employee, Orazio Siclari ("Siclari") to discuss Siclari's performance.  Bloomberg admits that at the March 13, 2006 meeting, Kaschak inquired as to Plaintiff-Intervenor's progress in her work and advised Plaintiff-Intervenor that her performance needed to be improved in certain areas.  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff-Intervenor was "shaking" following the meeting with Kaschak.  Bloomberg denies the remainder of allegations contained in paragraph 17 of the Complaint.

18.    Bloomberg admits that on or about March 14, 2006, Kaschak asked Plaintiff-Intervenor, via an instant message, to meet with Kaschak and a representative of Bloomberg's Human Resources department, Priya Varindani.  Bloomberg states that during that meeting, Kaschak outlined to Plaintiff-Intervenor and to Ms. Varindani the inadequacies in Plaintiff-Intervenor's work.  Bloomberg further states that Plaintiff-Intervenor responded by attacking Kaschak, accusing her of being a bad manager and failing to motivate Plaintiff-

Intervenor.  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that, at the March 14, 2006 meeting, Ms. Varindani told Plaintiff-Intervenor that Bloomberg would investigate Plaintiff-Intervenor's claims. Bloomberg denies the remainder of the allegations contained in paragraph 18 of the Complaint.

19.    Bloomberg denies the allegations contained in paragraph 19 of the Complaint.  Bloomberg states that, on or about March 16, 2006, it received a letter from an attorney purporting to represent Plaintiff-Intervenor which requested that Plaintiff-Intervenor no longer report to Kaschak and that Kaschak receive antidiscrimination training.

## AS TO ALLEGATIONS CONCERNING "RETALIATION"

20.    Bloomberg admits that on or about March 29, 2006, Plaintiff-Intervenor had her annual evaluation with Kaschak and Vulpi and that Kaschak and Vulpi did not inform Plaintiff-Intervenor of her salary and financials for the coming year at that meeting. Bloomberg denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21.    Bloomberg denies the allegation that it was "unprecedented" for the number of certificates awarded to an employee in a given year to decrease from that of prior years.  Bloomberg admits the remainder of the allegations contained in paragraph 21 of the Complaint.

22.    Bloomberg admits that when Kaschak was informed, during regular business hours, that an employee had sold an advertising package, Kaschak's customary practice was to ring a bell.  Bloomberg denies the remainder of the allegations contained in paragraph 22 of the Complaint.

23.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 23 of the Complaint as to a comment

made by Trevor Fellows to Plaintiff-Intervenor.  Bloomberg denies the remainder of the allegations contained in paragraph 23 of the Complaint.

24.     Bloomberg denies the allegation that Plaintiff-Intervenor endured "ongoing mistreatment" at Bloomberg.  Bloomberg further denies the allegation that Plaintiff-Intervenor took disability leave on or about June 15, 2006.  Bloomberg states that Plaintiff-Intervenor began disability leave on June 26, 2006, on the basis of her doctor's diagnosis of major depression.  Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations contained in paragraph 24 of the Complaint.

25.     Bloomberg denies the allegations contained in paragraph 25 of the Complaint.

26.     Bloomberg denies the allegations contained in paragraph 26 of the Complaint.

## AS TO ALLEGATIONS CONCERNING "UPDATED PROCEDURAL HISTORY"

27.     Bloomberg admits the allegations contained in paragraph 27 of the Complaint.

27a.     Bloomberg admits the allegations contained in paragraph 27a of the Complaint.

27b.     Bloomberg admits the allegations contained in paragraph 27b of the Complaint.

27c.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the EEOC's views concerning Monica Prestia.  Bloomberg denies that it committed or engaged in any discriminatory pattern or practice.

27d.    Bloomberg denies the allegations contained in paragraph 27d of the Complaint.  Bloomberg states that on October 22, 2007 this Court granted the Motion to Intervene of Jill Patricot, Tanys Lancaster and Janet Loures, allowing each to intervene as a Plaintiff-Intervenor in the case brought by the EEOC against Bloomberg.

27e.    Bloomberg admits the allegations contained in paragraph 27e of the Complaint.

27f.    Bloomberg admits the allegations contained in paragraph 27f of the Complaint.

27g.    Bloomberg states that on December 31, 2007 this court granted Monica Prestia's Motion to Intervene as a Plaintiff-Intervenor on the condition that 07 Civ. 6003 be dismissed.  Ms. Prestia and Bloomberg entered into a Stipulation of Dismissal of 07 Civ. 6003 with prejudice on January 4, 2008.

## AS TO "FIRST CLAIM FOR RELIEF"

28.    Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 27 of the Complaint.

29.    Bloomberg denies the allegations contained in paragraph 29 of the Complaint.

30.    Bloomberg denies the allegations contained in paragraph 30 of the Complaint.

31.    Bloomberg denies the allegations contained in paragraph 31 of the Complaint.

32.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find

employment.  Bloomberg denies the remainder of allegations contained in paragraph 32 of the Complaint.

33.    Bloomberg denies the allegations contained in paragraph 33 of the Complaint.

34.    Bloomberg denies the allegations contained in paragraph 34 of the Complaint.

35.    Bloomberg denies the allegations contained in paragraph 35 of the Complaint.

## AS TO "SECOND CLAIM FOR RELIEF"

36.    Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 35 of the Complaint.

37.    Bloomberg denies the allegations contained in paragraph 37 of the Complaint.

38.    Bloomberg denies the allegations contained in paragraph 38 of the Complaint.

39.    Bloomberg denies the allegations contained in paragraph 39 of the Complaint.

40.    Bloomberg denies the allegations contained in paragraph 40 of the Complaint.

41.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of allegations contained in paragraph 41 of the Complaint.

42.    Bloomberg denies the allegations contained in paragraph 42 of the Complaint.

43.    Bloomberg denies the allegations contained in paragraph 43 of the Complaint.

44.    Bloomberg denies the allegations contained in paragraph 44 of the Complaint.

## AS TO "THIRD CLAIM FOR RELIEF"

45.    Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 44 of the Complaint.

46.    Bloomberg denies the allegations contained in paragraph 46 of the Complaint.

47.    Bloomberg denies the allegations contained in paragraph 47 of the Complaint.

48.    Bloomberg denies the allegations contained in paragraph 48 of the Complaint.

49.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of allegations contained in paragraph 49 of the Complaint.

50.    Bloomberg denies the allegations contained in paragraph 50 of the Complaint.

51.    Bloomberg denies the allegations contained in paragraph 51 of the Complaint.

## AS TO "FOURTH CLAIM FOR RELIEF"

52. Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 51 of the Complaint.

53. Bloomberg denies the allegations contained in paragraph 53 of the Complaint.

54. Bloomberg denies the allegations contained in paragraph 54 of the Complaint.

55. Bloomberg denies the allegations contained in paragraph 55 of the Complaint.

56. Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment. Bloomberg denies the remainder of the allegations contained in paragraph 56 of the Complaint.

57. Bloomberg denies the allegations contained in paragraph 57 of the Complaint.

58. Bloomberg denies the allegations contained in paragraph 58 of the Complaint.

59. Bloomberg denies the allegations contained in paragraph 59 of the Complaint.

## AS TO "FIFTH CLAIM FOR RELIEF"

60. Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 59 of the Complaint.

61.     Bloomberg denies the allegations contained in paragraph 61 of the Complaint.

62.     Bloomberg denies the allegations contained in paragraph 62 of the Complaint.

63.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 63 of the Complaint.

64.     Bloomberg denies the allegations contained in paragraph 64 of the Complaint.

65.     Bloomberg denies the allegations contained in paragraph 65 of the Complaint.

## AS TO "SIXTH CLAIM FOR RELIEF"

66.     Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 65 of the Complaint.

67.     Bloomberg denies the allegations contained in paragraph 67 of the Complaint.

68.     Bloomberg denies the allegations contained in paragraph 68 of the Complaint.

69.     Bloomberg denies the allegations contained in paragraph 69 of the Complaint.

70.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find

employment.  Bloomberg denies the remainder of the allegations contained in paragraph 70 of the Complaint.

71.     Bloomberg denies the allegations contained in paragraph 71 of the Complaint.

72.     Bloomberg denies the allegations contained in paragraph 72 of the Complaint.

73.     Bloomberg denies the allegations contained in paragraph 73 of the Complaint.

## AS TO "SEVENTH CLAIM FOR RELIEF"

74.     Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 73 of the Complaint.

75.     Bloomberg denies the allegations contained in paragraph 75 of the Complaint.

76.     Bloomberg denies the allegations contained in paragraph 76 of the Complaint.

77.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 77 of the Complaint.

78.     Bloomberg denies the allegations contained in paragraph 78 of the Complaint.

79.     Bloomberg denies the allegations contained in paragraph 79 of the Complaint.

## AS TO "EIGHTH CLAIM FOR RELIEF"

80.     Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 79 of the Complaint.

81.     Bloomberg denies the allegations contained in paragraph 81 of the Complaint.

82.     Bloomberg denies the allegations contained in paragraph 82 of the Complaint.

83.     Bloomberg denies the allegations contained in paragraph 83 of the Complaint.

84.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 84 of the Complaint.

85.     Bloomberg denies the allegations contained in paragraph 85 of the Complaint.

86.     Bloomberg denies the allegations contained in paragraph 86 of the Complaint.

## AS TO "NINTH CLAIM FOR RELIEF"

87.     Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 86 of the Complaint.

88.     Bloomberg denies the allegations contained in paragraph 88 of the Complaint.

89.    Bloomberg denies the allegations contained in paragraph 89 of the Complaint.

90.    Bloomberg denies the allegations contained in paragraph 90 of the Complaint.

91.    Bloomberg denies the allegations contained in paragraph 91 of the Complaint.

92.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 92 of the Complaint.

93.    Bloomberg denies the allegations contained in paragraph 93 of the Complaint.

94.    Bloomberg denies the allegations contained in paragraph 94 of the Complaint.

## AS TO "TENTH CLAIM FOR RELIEF"

95.    Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 94 of the Complaint.

96.    Bloomberg denies the allegations contained in paragraph 96 of the Complaint.

97.    Bloomberg admits the allegations contained in paragraph 97 of the Complaint.

98.    Bloomberg denies the allegations contained in paragraph 98 of the Complaint.

99.     Bloomberg denies the allegations contained in paragraph 99 of the Complaint.

100.     Bloomberg denies the allegations contained in paragraph 100 of the Complaint.

101.     Bloomberg denies the allegations contained in paragraph 101 of the Complaint.

102.     Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 102 of the Complaint.

103.     Bloomberg denies the allegations contained in paragraph 103 of the Complaint.

104.     Bloomberg denies the allegations contained in paragraph 104 of the Complaint.

## AS TO "ELEVENTH CLAIM FOR RELIEF"

105.     Bloomberg repeats and makes a part hereof, as if set forth fully at length, its answer to paragraphs 1 to 104 of the Complaint.

106.     Bloomberg denies the allegations contained in paragraph 106 of the Complaint.

107.     Bloomberg denies the allegations contained in paragraph 107 of the Complaint.

108.     Bloomberg denies the allegations contained in paragraph 108 of the Complaint.

109.    Bloomberg denies the allegations contained in paragraph 109 of the Complaint.

110.    Bloomberg states that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff-Intervenor's allegations regarding her efforts to find employment.  Bloomberg denies the remainder of the allegations contained in paragraph 110 of the Complaint.

111.    Bloomberg denies the allegations contained in paragraph 111 of the Complaint.

112.    Bloomberg denies the allegations contained in paragraph 112 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which an award of punitive damages may be granted.

2.    Plaintiff-Intervenor's claims are barred by the doctrine of unclean hands.

3.    Bloomberg's employment decisions with respect to Plaintiff-Intervenor were not motivated in whole or in part by her gender or status as a pregnant person.

4.    Bloomberg's employment decisions with respect to Plaintiff-Intervenor were not motivated in whole or in part as a retaliation for Plaintiff-Intervenor's engaging in a protected activity.

5.    Plaintiff-Intervenor's claims arising out of the alleged termination of her employment are barred due to Plaintiff-Intervenor's having abandoned her position at Bloomberg.

WHEREFORE, Bloomberg demands judgment dismissing the Complaint with prejudice and granting to Bloomberg its costs and expenses of this action, including reasonable attorneys' fees and other such and further relief as this Court may deem just and appropriate.

Dated:   New York, New York
         April 7, 2008

                                WILLKIE FARR & GALLAGHER LLP


                                By
                                   Thomas H. Golden (TG-1467)
                                      (A Member of the Firm)


                                787 Seventh Avenue
                                New York, New York  10019
                                (212) 728-8000
                                tgolden@willkie.com
                                Attorneys for Defendant Bloomberg L.P.

-18-