```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY         :   07 Civ. 8383 (LAP)
COMMISSION,                          :
                                     :
                Plaintiff,           :   ORDER
                                     :
      v.                             :
                                     :
BLOOMBERG L.P.,                      :
                                     :
                Defendant.           :
------------------------------------x
```

LORETTA A. PRESKA, United States District Judge:

By way of a letter dated April 1, 2009, Defendant Bloomberg L.P. ("Defendant") informed this Court of its intent to file a Motion to Compel Plaintiff Equal Employment Opportunity Commission ("Plaintiff") to produce additional documents and to reopen the deposition of Claimant Kristin Ix ("Claimant Ix"). By way of an opposition letter dated April 2, 2009, Plaintiff objected to these discovery requests on the grounds that the sought-after materials are protected by the attorney-client privilege and Defendant had a full and fair opportunity to question Claimant Ix at her first deposition. Defendant submitted a reply letter on April 10, 2009, in which Defendant narrowed its discovery request to include only those documents that Plaintiff sent in connection with its efforts to solicit potential claimants to join this lawsuit or participate in its

investigation.  Construing the parties' correspondence as their moving and opposing submissions, Defendant's Motion is GRANTED.

While "it is well settled that preliminary discussions between a witness and an attorney can be privileged even if the witness does not retain the attorney," United States v. Devery, No. 93 Crim. 273, 1995 WL 217529, at *5 (S.D.N.Y. Apr. 12, 1995), there can be no attorney-client privilege unless the client "inten[ds] to seek legal advice and . . . belie[ves] that [she] is consulting an attorney." EEOC v. Johnson & Higgins, Inc., No. 93 Civ. 5481, 1998 WL 778369, at *4 (S.D.N.Y. Nov. 6, 1998).  By definition, solicitation letters are one-way communications and do not involve affirmative requests for legal advice by potential clients.  Accordingly, they are not protected against discovery by the attorney-client privilege.

Since these documents could potentially speak to the credibility of certain Claimants, including about their reasons for joining this lawsuit, they are discoverable pursuant to Fed. R. Civ. P. 26(b)(1).  See EEOC v. CRST Van Expedited, Inc., No. C07-0095, 2009 WL 136025, at *2-4 (N.D. Iowa Jan. 20, 2009) (holding as discoverable solicitation letters sent by the EEOC to prospective class members because "an attorney-client relationship is not established until the employee either asks the EEOC for advice (for example by responding to the initial solicitation letter) or agrees to become a member of the class"

and any representations "made to prospective class members in order to induce their participation in the lawsuit [are] relevant to the issue of their credibility").

Turning to Defendant's second discovery request, depositions may be reopened when one party fails to produce relevant documents prior to the initial deposition. See, e.g., Handlesman v. Hotel Copy Ctrs., No. 92 Civ. 4589, 1993 WL 498020 (S.D.N.Y. Dec. 3, 1993). Since Plaintiff produced after Claimant Ix's deposition a batch of her emails that may lead to admissible evidence regarding her credibility and in light of this Court's ruling that Plaintiff must produce related solicitation materials it sent to potential claimants, Plaintiff shall re-produce Claimant Ix for limited questioning about the emails at issue. Defendant shall work with Plaintiff to minimize any burden and expense of reopening the deposition. Because I do not find that Plaintiff intentionally frustrated Defendant's efforts to properly depose Claimant Ix, I decline to award costs and fees associated with reopening the deposition.

For the reasons set forth above, Defendant's motion to compel is GRANTED. Plaintiff is hereby ordered to produce any documents it may have sent to potential claimants seeking their participation in its investigation in this matter or encouraging them to join this lawsuit. Additionally, Plaintiff shall re-produce Claimant Ix for a second deposition.

SO ORDERED

Dated:   April 29, 2009
         New York, New York

*[signature]*
LORETTA A. PRESKA, U.S.D.J.