USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/2/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY         :
COMMISSION,                          :    07 Civ. 8383 (LAP)
                                     :
         Plaintiff,                  :    MEMORANDUM & ORDER
                                     :
    v.                               :
                                     :
BLOOMBERG L.P.,                      :
                                     :
         Defendant.                  :
------------------------------------X
JILL PATRICOT, TANYS LANCASTER,      :
JANET LOURES, MONICA PRESTIA,        :
MARINA KUSHNIR and MARIA             :
MANDALAKIS,                          :
                                     :
         Plaintiffs-Intervenors,     :
                                     :
    v.                               :
                                     :
BLOOMBERG L.P.,                      :
                                     :
         Defendant.                  :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), moves for reconsideration of this Court's October 25, 2010, opinion and order granting summary judgment in favor of Defendant Bloomberg L.P. on the basis that certain alleged discrimination claims are time barred. EEOC v. Bloomberg L.P., No. 07 Civ. 8383, 2010 WL 4237077, at *20 (S.D.N.Y. Oct. 25, 2010); see Fed. R. Civ. P. 59(e). The Court presumes familiarity with the facts outlined in the October 25, 2010, opinion.

To succeed on a motion for reconsideration, "the party seeking reconsideration must present controlling decisions or facts that the court originally overlooked." In re M/V Rickmers Genoa Litig., 643 F. Supp. 2d 553, 555 (S.D.N.Y. 2009). However, "[a] party may not relitigate an already decided issue on a motion for reconsideration," id., because a mere disagreement with the Court's legal determination is not a valid basis for reconsideration. United States v. Kerik, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009). Instead, any overlooked matters must be ones "that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The EEOC argues first that the Court improperly presupposed that the EEOC did not bring a "pattern or practice" of discrimination case. (EEOC Br. at 3, 5.) This argument amounts to a mere disagreement with the Court's legal determination; the EEOC repeats the arguments it made to this Court in its summary judgment papers. The Court rejected those arguments, and the EEOC cannot now relitigate the issue. Bloomberg, 2010 WL 4237077, at *15-18. Nothing in the Court's opinion presumes anything about whether the EEOC alleged a pattern or practice of discrimination. Indeed, the Court stated that the EEOC "may prove [its pattern or practice case] with evidence of specific instances of discrimination." Id. at *17 n.15. Rather, the

opinion rejected the EEOC's arguments about the continuing violation doctrine. Id. at *17-18.

Most importantly, the EEOC apparently failed to appreciate the language in the Court's opinion. It expressly states that the Court did not presuppose that the EEOC did not bring a pattern or practice case. Id. at *17 n.15 ("The Court does not suggest that the EEOC did not bring a pattern or practice case.").

The EEOC's second argument rests on more fertile ground. Although the EEOC did not point to the Lilly Ledbetter Act in its original summary judgment papers, the law applies to some claims here. See Ledbetter Act, Pub. L. No. 111-2, § 3, 123 Stat. at 5-6 (codified at 42 U.S.C. § 2000e-5(e)(3)); Vuong v. N.Y. Life Ins. Co., No. 03 Civ. 1075, 2009 WL 306391, at *9 (S.D.N.Y. Feb. 6, 2009). Bloomberg agrees: "Section 706 [as amended by the Ledbetter Act] allows EEOC to assert claims based on compensation decisions that took place prior to May 28, 2005, as long as the Claimant remained employed by Bloomberg and received a paycheck impacted by that previous decision on or after that date." (Bloomberg Br. at 6-7.) Therefore, to the extent that the Court's prior opinion could be read to grant summary judgment as to claims based on compensation decisions,

3

it is clarified to exclude from its ambit such claims.[1] As Bloomberg points out, "[b]ack pay for such claims is limited to the period after March 24, 2004, which is two years before the date of Jill Patricot's charge, the earliest charge that gave rise to EEOC's lawsuit." (Id. at 7.) The Court agrees. See 42 U.S.C. § 2000e-5(e)(3)(B) (limiting recovery of back pay to two years preceding the filing of the charge).

Based on the foregoing reasoning, the EEOC's motion for reconsideration [dkt. no. 169] is GRANTED in part and DENIED in part. Upon reconsideration, the Court clarifies its prior opinion and order to exclude from summary judgment claims based on compensation decisions that took place prior to May 28, 2005, pursuant to the Ledbetter Act. See 42 U.S.C. § 2000e-5(e)(3).

The parties shall confer and inform the Court by letter no later than December 10, 2010, how they propose to proceed.

SO ORDERED.

December 2, 2010
New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Chief U.S. District Judge

---

[1] EEOC did not argue in its original summary judgment papers that acts that could indirectly impact compensation are rendered timely by the Ledbetter Act. (See Bloomberg Br. at 7.) It may not do so now. "[A]ny controlling decisions or factual matters presented must have been put before the court in the underlying motion." M/V Rickmers Genoa, 643 F. Supp. 2d at 555.