UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
EQUAL EMPLOYMENT OPPORTUNITY                                 :
COMMISSION,                                                  :
                                                             :
                    Plaintiff,                               :
                                                             :       07-CV-8383 (LAP/HP)
         v.                                                  :
                                                             :
BLOOMBERG L.P.,                                              :
                                                             :
                    Defendant.                               :
                                                             :
------------------------------------------------------------ x

## SUPPLEMENTAL BRIEFING REGARDING TAMIKA ALEXANDER-ABRAHAM

SUPPLEMENTAL BRIEFING RE:  **TAMIKA ALEXANDER-ABRAHAM**

Bloomberg is entitled to summary judgment on EEOC's compensation claims. First, Ms. Alexander-Abraham testified that she does not believe her compensation in 1999-2002 and 2007-2008 was discriminatory. R. 56.1 Stmt. ¶ 30, Declaration of Thomas H. Golden Concerning Tamika Alexander-Abraham, dated January 18, 2012, Ex. 2 at 103.[1] Second, EEOC cannot establish an adverse employment action for claims regarding 1999-2003 because EEOC has not identified any comparators for those years. ¶ 13, Ex. 11 at 10-11, 181, Ex. 12 at 3. In any event, any compensation claim arising out of Ms. Alexander-Abraham's first maternity leave is undermined by the significant increases in total intended compensation she received while she was on her first maternity leave (24.59%) and after she returned from that leave (38.13%). ¶ 4, Ex. 1. With respect to Ms. Alexander-Abraham's 2003 compensation (received shortly after returning from her second maternity leave), the finding of an inference of discrimination is undermined because her increase that year was higher than in 2001 (an award that was remote in time from any pregnancy or leave) and was determined in part by Deirdre Maloney, who was pregnant and took leave in 2003. ¶ 12, Ex. 5 at 315, Ex. 1, Ex. 19 at 4; ¶ 5, Ex. 1.

With respect to Ms. Alexander-Abraham's compensation awards from 2004 forward, which occurred more than a year after she returned from maternity leave, the lack of a temporal connection forecloses an inference of discrimination. ¶ 9, Ex. 1. In any event, Bloomberg had a legitimate non-discriminatory reason for Ms. Alexander-Abraham's moderate increases in 2003-2006: They reflect Ms. Alexander-Abraham's stagnating performance. ¶ 31, Ex. 14 at 105-06; ¶ 32, Ex. 5 at 252-53, 301; ¶ 33, Ex. 20 at 278; ¶ 34, Ex. 6 at 266-68. EEOC cannot establish that this reason was pretextual.

---

[1] Hereinafter, references to "¶ __" refer to paragraphs in the Rule 56.1 Statement Concerning Tamika Abraham and references to "Ex. __" refer to exhibits to the Declaration of Thomas H. Golden Concerning Tamika Alexander-Abraham, dated January 18, 2012.

EEOC's claim that it was discriminatory not to transfer Ms. Alexander-Abraham to the News department in summer 2005 should be dismissed because denial of a lateral transfer is not an adverse employment action. Bloomberg also had no obligation to create a position for Ms. Alexander-Abraham. ¶ 21, Ex. 2 at 178-81. And the lack of a temporal connection to Ms. Alexander-Abraham's pregnancy forecloses any finding of an inference of discrimination. ¶ 9, Ex. 1.[2] Furthermore, the decision-maker here was Ms. Maloney, who had previously been pregnant and taken maternity leave, a fact that further undermines an inference of discrimination. ¶ 22, Ex. 5 at 408, Ex. 18. In any event, Ms. Alexander-Abraham was permitted to perform the functions she desired. ¶ 23, Ex. 2 at 190, Ex. 7 at BLP-0033833. Finally, Bloomberg had a legitimate non-discriminatory reason for not transferring Ms. Alexander-Abraham: She sought to take on functions that her manager wanted to be handled by the HR department. ¶ 22, Ex. 5 at 305-07, 405-08, 410-11. EEOC cannot establish that this reason was pretextual.

As for the claim that Ms. Alexander-Abraham's responsibility with respect to the News internship program was reduced from 2006 to 2008, again, the lack of temporal proximity to a pregnancy or leave frustrates any finding of an inference of discrimination. ¶ 9, Ex. 1. Bloomberg also had a legitimate non-discriminatory reason for its actions: The program needed a coordinator who had journalism experience; Ms. Alexander-Abraham did not. ¶ 24, Ex. 2 at 205, 210, Ex. 8 at 264. EEOC cannot establish that this reason was pretextual.

EEOC's claim regarding Ms. Alexander-Abraham's travel to New York in 2005-2008 should be dismissed because increased travel is not an adverse employment action. *See Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 539 (6th Cir. 2002); *Constance v. Pepsi*

---

[2] EEOC will likely assert that ▮▮▮▮ was permitted to transfer from Recruiting to News while Ms. Alexander-Abraham was not. ¶ 25, Ex. 11 at 10. But ▮▮▮▮'s transfer occurred approximately a year and a half after Ms. Alexander-Abraham's request, she became a Program Manager (not a Recruiter), and she was a stronger performer at the time. *Id.* at Ex. 16, Ex. 1.

*Bottling Co.*, No. 03-CV5009, 2007 WL 2460688, at *18 (E.D.N.Y. Aug. 24, 2007). Additionally, the lack of temporal proximity to Ms. Alexander-Abraham's pregnancy or leave forecloses finding an inference of discrimination.³ ¶ 9, Ex. 1. Bloomberg also had a legitimate non-discriminatory reason for requiring Ms. Alexander-Abraham to travel to New York: She was based in Washington and supported groups in New York. ¶ 7, Ex. 2 at 249-50, 154; ¶ 18, Ex. 2 at 157-58. There is no evidence that this reason was pretextual.

EEOC's "heightened scrutiny" claim should be dismissed as well. First, asking an employee to report her whereabouts is not an adverse employment action. *See Ifill v. United Parcel Serv.*, No. 04 Civ. 5963(LTS)(DFE), 2008 WL 2796599, at *3, *6 (S.D.N.Y. July 17, 2008). Second, there is no evidence – not even temporal proximity – of circumstances giving rise to an inference of discrimination. Bloomberg also had a legitimate non-discriminatory reason for having Ms. Alexander-Abraham notify her supervisor when she was away from her desk: Ms. Alexander-Abraham was often unavailable (which she admits) and her supervisor was based in New York and therefore unable to physically see Ms. Alexander-Abraham. ¶ 28, Ex. 2 at 349; ¶ 27, Ex. 9 at EE03867. There is no evidence that these reasons were pretextual.⁴

EEOC's claim regarding Ms. Alexander-Abraham's performance reviews in December 2005 and 2006 should be dismissed because the reviews took place at least a year after Ms. Alexander-Abraham returned from maternity leave; that lack of temporal proximity attenuates any finding of an inference of discrimination. The reviews were given in part by ▮▮▮▮,

---

³ EEOC claims that "a similarly situated counterpart, ▮▮▮▮, who was not pregnant or returning from maternity leave, was not required to" travel to New York. ¶ 19, Ex. 11 at 10-11. However, ▮▮▮▮, who supported Bloomberg's San Francisco office, regularly traveled to New York and other offices. *Id.* at Ex. 17; Ex. 23 at 69.

⁴ EEOC claims that Tara Anand and Lucy Walton were not required to provide similar updates. ¶ 29, Ex. 11 at 11. However, Ms. Anand worked in New York with Ms. Morant, and Ms. Walton worked in London, in a different time zone than did Ms. Morant. *Id.* at Ex. 2 at 217-20.

- 3 -

who had been pregnant and taken leave during the time she managed Ms. Alexander-Abraham. ¶ 31, Ex. 9 at EE03865, Ex. 10 at EE03877, Ex. 14 at 211-12, Ex. 22.  In any event, Bloomberg had a legitimate non-discriminatory business reason for Ms. Alexander-Abraham's reviews:  She performed below expectations, about which her supervisors testified extensively.  ¶ 31, Ex. 14 at 105-06;  ¶ 32, Ex. 5 at 252-53, 301; ¶ 33, Ex. 20 at 278; ¶ 34, Ex. 6 at 266-68.  EEOC cannot establish that this reason was pretextual.