

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3721
General FAX: (212) 336-3625

Raechel Adams
Supervisory Trial Attorney
Phone (212) 336-3707
Fax (212) 336-3623
raechel.adams@eeoc.gov

October 28, 2013

VIA ECF
Hon. Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:  *EEOC et al. v. Bloomberg L.P.* (07-CV-8383(LAP))

Dear Judge Preska:

The Equal Employment Opportunity Commission ("EEOC") requests a pre-motion conference regarding its intention to move for clarification of the Court's September 9, 2013 Orders (ECF Nos. 557, 558) in the above-referenced case.  Specifically, EEOC respectfully seeks an Order clarifying that with respect to the Title VII claims asserted by EEOC concerning Plaintiff-Intervenors Jill Patricot, Tanys Lancaster, Janet Loures, Marina Kushnir, Monica Prestia and Maria Mandalakis, summary judgment is granted in part and denied in part, to the same extent set forth in the Order entered as Docket No. 558, that is, denied with respect to EEOC's claims concerning Ms. Patricot's 2006 demotion and compensation decrease, and otherwise granted.  All six Plaintiff-Intervenors consent to EEOC's motion.  After conferring with Defendant, EEOC understands that Defendant intends to oppose EEOC's motion and pursuant to this Court's Individual Practices, will respond via letter within three business days.

Federal Rule of Civil Procedure 60(a) provides for a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," including on motion by a party.  Here, the Court's September 9, 2013 Orders overlooked EEOC's federal claims brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") with respect to the Plaintiff-Intervenors.

In its initial Complaint, filed September 27, 2007, EEOC asserted a pattern or practice of sex/pregnancy discrimination, which arose from the EEOC charges of Jill Patricot, Tanys Lancaster and Janet Loures.  ECF No. 1.  In that complaint, EEOC asserted claims of compensation discrimination, discriminatory demotion, and other discrimination in the terms, conditions or privileges of the three Charging Parties and a class of female employees, including but not limited to diminished job duties and other exclusion from employment opportunities.

Ms. Patricot, Ms. Lancaster and Ms. Loures moved to intervene in EEOC's case and this Court granted their motion on October 23, 2007.  ECF No. 6.  Claimant Monica Prestia moved on November 7, 2008 to intervene in EEOC's case, and the Court granted the motion, thus including Monica Prestia's Title VII sex/pregnancy discrimination claims in the instant action.

ECF No. 17.  In its Second Amended Complaint, filed on March 31, 2009 on consent of Defendant, EEOC added a class retaliation allegation.  ECF Nos. 49, 50.  Claimant Maria Mandalakis filed a complaint in intervention on consent on March 31, 2009.  ECF Nos. 48, 50.  Claimant Marina Kushnir also filed a complaint in intervention on consent, on March 31, 2009.  ECF Nos. 46, 50.  With respect to the Title VII discrimination claims, EEOC's complaint covered all allegations by all six Plaintiff-Intervenors, except for the constructive discharge claim of Tanys Lancaster. Although Plaintiff-Intervenors framed some of these allegations as hostile work environment claims whereas EEOC framed them more broadly as discriminatory "terms, conditions or privileges," the underlying allegations are identical.

      Nevertheless, the addition of these claims in intervention to this action did not in any way displace EEOC's claims.  See EEOC v. Waffle House, 534 U.S. 279, 297-98 (2002) (EEOC's claims are not "merely derivative" of an employee's, and EEOC is not "a proxy for the employee.").  Defendant has acknowledged this previously.  In the transcript of the Court conference during which the parties discussed the format of the summary judgment briefing underlying the September 9, 2013 Orders, defense counsel explained that EEOC maintained Title VII sex/pregnancy discrimination claims as to the six Plaintiff-Intervenors as well as 32 (at the time) non-Intervenor claimants:

```
20        MR. DREIBAND:  Sure.  The EEOC asserts, as we
21   understand their current posture, only Title VII sex pregnancy
22   claims for 32 claimants and six additional plaintiff
23   intervenors.  So for 38 total.  The plaintiff intervenors, the
24   six plaintiff intervenors with their own lawyers assert Title
25   VII sex pregnancy claims.  They assert -- to be more specific
 1   they also assert Title VII hostile environment claims, they
 2   assert Title VII retaliation claims, they assert New York State
 3   and New York City antidiscrimination claims.  Two of them
 4   assert Family and Medical Leave Act claims.  Those same two
 5   assert state law and tort claims and I believe that's it.  So
 6   their claims are broader than EEOC's and encompass many more
 7   legal or laws and agenda violations than EEOC's do for those
 8   six.
```

November 21, 2011 Transcript at 7-8.

      In proposing summary judgment briefing procedures to the Court, the parties proposed that Plaintiff-Intervenors submit a brief and that EEOC not submit a separate (and presumably redundant) brief but instead separately brief only the 32 non-intervening claimants:

```
 9        THE COURT:  So the six plaintiff intervenors, the ones
10   with many more claims are the ones that you laid out in the
11   first part of your October 28 letter where you say plaintiff
12   intervenor briefs.
13        MR. DREIBAND:  That's correct.
14        THE COURT:  And then under the EEOC portion, that is
```

2

```
15    what you said, the Title VII claims.
16         MR. DREIBAND:  Yes, your Honor.  And to be clear, my
17    understanding is that the EEOC brief section, that would be for
18    32 people, that the Commission has told us they do not intend
19    to file papers on behalf of the plaintiff intervenors.
20         THE COURT:  Right, because they have their own
21    lawyers, right?
22         MS. ADAMS:  Correct.
23         THE COURT:  To the plaintiff intervenors, counsel, is
24    it all right to do it in the manner in which we suggested?
25         MR. SILBBERSTEIN:  Yes, your Honor.
```

November 21, 2011 Transcript at 8.

    Defendant then filed two summary judgment motions, one addressed to intervenor claims and another addressed to "Claims Asserted by EEOC on Behalf of the 32 Non-Intervening Claimants." ECF Nos. 322, 219.  In its September 9, 2013 Order granting the latter motion, the Court stated: "The analysis that follows only addresses Defendant's motion with respect to the claims asserted by the EEOC on behalf of the remaining twenty-nine non-intervening claimants.  The Court's analysis with regards to each of the remaining claims involving the Plaintiff-Intervenors is addressed in today's companion Opinion and Order, [dkt. no. 558]." ECF No. 557 at 3 n.3.  The Court concluded that "Bloomberg's motion for summary judgment on all remaining Section 706 claims brought by the EEOC on behalf of the Non- Intervenors [dkt. no. 219] is GRANTED, and the EEOC is barred from seeking claims on behalf of those individuals." ECF No. 557 at 30.  In its September 9, 2013 Order as to the Plaintiff-Intervenors, the Court granted Defendant's motion for summary judgment as to "all claims asserted by" the Plaintiff-Intervenors with the exception of certain Title VII and state and local claims of Jill Patricot. ECF No. 558 at 180.  In neither Order did the Court address summary judgment as to EEOC's Title VII claims on behalf of any of the six Plaintiff-Intervenors.

    Therefore, EEOC will seek an order clarifying the September 9, 2013 Orders with respect to EEOC's Title VII claims as to the Plaintiff-Intervenors.  Specifically, EEOC seeks an order clarifying that summary judgment is denied with respect to EEOC's Title VII 2006 demotion and compensation discrimination claims as to Jill Patricot, that EEOC's Title VII sex/pregnancy discrimination claims as to Plaintiff-Intervenors Lancaster, Loures, Kushnir, Prestia and Mandalakis are dismissed for the reasons detailed in the Court's September 9, 2013 Order concerning Plaintiff-Intervenors, and that EEOC's remaining claims shall be included in the joint proposed pre-trial order to be submitted by the parties.  (EEOC notes that it is in agreement with the proposed pre-trial deadlines set forth in Thomas Golden's September 30, 2013 letter to the Court (ECF No. 559).)

                                  Sincerely,

                                    /s
                                  Raechel L. Adams

    cc:  All counsel