# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001-2113
TELEPHONE: 202-879-3939 • FACSIMILE: 202-626-1700

Direct Number: (202) 879-3720
esdreiband@jonesday.com

April 27, 2009

**VIA FAX**

The Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

      Re:    EEOC v. Bloomberg L.P., 07-CV-8383 (LAP)

Dear Judge Preska:

      This firm represents Defendant Bloomberg L.P. ("Bloomberg") in the above-referenced action. Pursuant to Fed. R. Civ. P. 37(a)(3), Local Rule 37.2, and your Individual Practices No. 2A, Bloomberg requests an informal conference to discuss its anticipated motion to compel the deposition of EEOC Investigator Electra Yourke and the EEOC's response to Bloomberg's interrogatory regarding the identity of Claimants' healthcare providers. The parties have exchanged extensive written correspondence, conferred in good faith and reached impasse.

## I.    Electra Yourke Deposition

      On June 24, 2008, Bloomberg noticed Ms. Yourke's deposition for August 15, 2008. On July 30, the EEOC objected on grounds of relevance, the government deliberative process privilege, and the attorney-client privilege. The EEOC assumed that Bloomberg sought to depose Ms. Yourke about the adequacy of her investigation, which it asserted was not a proper area of discovery. On September 10, Bloomberg explained that it seeks to depose Ms. Yourke about the EEOC's conciliation efforts. However, EEOC continued to oppose the deposition.

      Ms. Yourke's deposition is relevant to whether EEOC complied with Title VII's multi-step enforcement process and, if it did not, whether some or all of this case should be dismissed. That process requires: (1) a charge; (2) notice of the charge to the respondent; (3) an investigation; (4) a reasonable cause determination; and (5) good faith conciliation. EEOC may bring a lawsuit *only* if it satisfies each of these steps, and the scope of any subsequent lawsuit depends upon the pre-suit notice EEOC provided to the defendant. 42 U.S.C. §§ 2000e-5(b), (f)(1); *EEOC v. Outback Steak House*, 520 F.Supp.2d 1250, 1262 (D. Colo. 2007).

      For these reasons, several courts have rejected EEOC's efforts to preclude depositions of EEOC investigators and officials. Deposition topics have typically included the scope of EEOC investigations and pre-litigation notice to the defendant and whether the EEOC conciliated in

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

April 27, 2009
Page 2

good faith. *E.g. EEOC v. LifeCare Management Services, LLC*, 2009 WL 772834, at *2-3 (W.D. Pa. Mar. 17, 2009); *EEOC v. Albertson's LLC*, 2008 WL 4877046, at *4-5, 7 (D. Colo. Nov. 12, 2008); *EEOC v. Burlington Northern*, 2008 WL 4845308, at *3 (W.D. Okla. June 23, 2008), *EEOC v. Albertson's LLC*, 2007 WL 1299194, at *1-4, 6 (D. Colo. May 1, 2007); *EEOC v. American International Group, Inc.*, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994).

EEOC objects to Ms. Yourke's deposition because it says that it complied with its conciliation obligations. *Lifecare Management*, however, considered and rejected the same objection, along with EEOC's privilege objections, because "despite the EEOC's belief that it fulfilled its statutory obligation to conciliate before filing this lawsuit, the Defendants are entitled to discovery on the issue before any dispositive ruling." 2009 WL 772834, at *3. The court concluded that "[t]he deposition of the EEOC representative regarding its conciliation efforts will allow Defendants to explore and develop evidence of whether the EEOC actually made efforts and/or took actions to conciliate in good faith." *Id.*

EEOC also objects that, even if there is a question about the adequacy of the EEOC's conciliation efforts, the only remedy would be further settlement discussions. However, when the EEOC fails to comply with Title VII's process, "dismissal remains an appropriate sanction." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009). *Accord EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1261 (11th Cir. 2003); *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608-09 (9th Cir. 1982); *EEOC v. Sears, Roebuck and Co.*, 650 F.2d 14, 19 (2d Cir. 1981); *Outback Steak House*, 520 F.Supp.2d at 1261-69; *EEOC v. Jillian's of Indianapolis*, 279 F. Supp. 2d 974, 982-83 (S.D. Ind. 2003); *EEOC v. American Express Pub. Corp.*, 681 F. Supp. 216, 222 (S.D.N.Y. 1988).

## II.   Discovery About Claimants' Heathcare Providers

EEOC has failed to respond fully to the following Interrogatory served on June 24, 2008: "Identify all healthcare providers, including the healthcare provider's name, address and telephone number, that the Claimants have seen or consulted since January 1, 1997." On July 24, EEOC objected that this interrogatory "is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and invasive of Claimants' privacy rights."

Bloomberg agreed to narrow the scope of the interrogatory to Claimants who seek severe emotional distress damages or for whom EEOC intends to introduce evidence of medical treatment or diagnosis. EEOC only partially responded by identifying those Claimants, prior to their depositions, for whom EEOC seeks severe emotional distress damages and for whom it intends to introduce information of medical treatment. Excluding Plaintiff-Intervenors, EEOC has thus far identified seven such Claimants, six of whom are included in interrogatory responses EEOC served on March 18, 2009 and April 21, 2009. While the Commission has identified healthcare providers and provided medical records for these Claimants on a rolling basis, EEOC has not identified all healthcare providers the Claimants have seen since January 1, 1997.

JONES DAY

April 27, 2009
Page 3

In another attempt at compromise, Bloomberg proposed to tailor Interrogatory No. 1 as follows: "Identify and provide the name, address and telephone number for: (1) all mental healthcare providers, including without limitation any psychiatrists, psychologists, therapists, and counselors, that the Claimants have seen or consulted since January 1, 1997, (2) all healthcare providers that the Claimants have seen or consulted in relation to a pregnancy or pregnancy-related condition while employed at Bloomberg, and (3) all healthcare providers that the Claimants have seen or consulted since January 1, 1997 for symptoms suffered as a result of any alleged discrimination."

Bloomberg again proposed to limit this request to Claimants who seek severe emotional distress damages or for whom EEOC intends to introduce evidence of medical treatment or diagnosis. Bloomberg also agreed to forego discovery of medical records for Claimants for whom the Commission seeks only "garden variety" damages if the Commission agreed that it would not seek to recover damages for more elevated emotional distress and that it would not introduce any evidence of such distress for any other purpose. Bloomberg declined to limit the temporal scope of the interrogatory because such information is relevant to whether a Claimant suffered from a pre-existing condition.

EEOC did not agree. EEOC said it would not provide any discovery about Claimants for whom EEOC seeks "garden variety" damages. It only agreed to provide discovery for the "severe or extreme emotional distress" claimants of: "a) mental health providers and their records where EEOC puts the Claimants' mental health at issue and/or b) medical healthcare providers and their records related to symptoms for which EEOC puts at issue." EEOC also agreed to provide unspecified discovery for "each Claimant for whom it intends to introduce evidence of medical treatment or diagnosis." EEOC rejected Bloomberg's proposed temporal scope, and discovery of pregnancy-related records "where a) EEOC is not seeking severe or emotional distress damages related to such pregnancy related conditions, and/or b) EEOC is not introducing evidence of treatment or diagnosis related to such pregnancy conditions." Bloomberg responded by explaining that certain Claimants' allegations about pregnancy-related medical restrictions and requested accommodations relate to Bloomberg's defense in this case.

The parties also disagree about the process for Bloomberg to subpoena Claimants' healthcare providers. Bloomberg offered to provide EEOC five days' advance notice prior to serving a subpoena. EEOC proposes at least ten days' advance notice and that Bloomberg refrain from serving a subpoena if EEOC objects until the matter is resolved by the Court. Bloomberg rejected EEOC's proposal because it is not required by Federal Rule of Civil Procedure 45 and would unduly hinder Bloomberg's discovery efforts.

Sincerely,

*Eric S. Dreiband*
Eric S. Dreiband

cc:   All Counsel of Record